FILED

**NOT FOR PUBLICATION**

MAR 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICENTE ALFREDO ACEVEDO-RIVAS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-73313 <br><br> Agency No. A079-407-990 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Vicente Alfredo Acevedo-Rivas, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order summarily

affirming an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo questions of law, including claims of due process violations, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's determination that Acevedo-Rivas did not suffer past persecution because the murder of Acevedo-Rivas' father was not on account of a protected ground, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts bore no nexus to a protected ground), and the isolated threat did not rise to the level of persecution, *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Substantial evidence also supports the IJ's finding that Acevedo-Rivias did not establish a well-founded fear of future persecution because he could internally relocate within El Salvador. *See* 8 C.F.R. § 1208.13(b)(2)(ii). Accordingly, his asylum claim fails.

Because Acevedo-Rivias failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

We lack jurisdiction to consider Acevedo-Rivas' contentions that the IJ applied the wrong standard when denying his CAT claim and he was not

removable as charged because Acevedo-Rivas failed to exhaust these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**